**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**KEVIN LEIGH WILLIAMS**                                              **PLAINTIFF**

**V.**                                             **CIVIL ACTION NO.  3:13CV452 LRA**

**CITY OF MCCOMB, et al.,**                                           **DEFENDANTS**

**ORDER GRANTING DEFENDANTS' MOTION FOR**
**PARTIAL SUMMARY JUDGMENT**

This matter is before the Court on the Motion for Summary Judgment filed by Defendants D.S. Jackson and the City of McComb [60], along with the Motion for Summary Judgment filed by Plaintiff Kevin Leigh Williams [71].  Plaintiff brings this cause of action against Defendants pursuant to 42 U.S.C. § 1983, asserting that they violated his Fourth Amendment right to be free from false arrest and unlawful search and seizure.  Defendants Jackson and the City of McComb assert that the undisputed facts establish that Williams cannot establish a viable constitutional claim against either Defendant.  The Court finds the motion is well taken and should be granted.

At the omnibus hearing held in this cause on April 9, 2014, Plaintiff testified that he was walking down Virginia Avenue in McComb, Mississippi, around 3:00 A.M. on May 24, 2011, talking on a cell phone.  He had three phones with him at the time.  Defendant Officer Miller drove by him, turned around, and stopped him.  According to Plaintiff, Officer Miller asked for his identification and told him that he stopped him because the area was "known for car break-ins."  He told him that he had to pat him down

for weapons and/or burglary tools. After he patted Williams down, and found nothing, Officer Miller then started feeling in his pockets. Officer Miller called in Plaintiff's social security number and Officer Jackson arrived. Officer Miller directed Plaintiff to put his cell phones on the car. However, Williams ran to a friend's house; the officers pursued him and arrested him. The officers also conducted a search of the porch area and found a silver clip which Officer Miller said had a white substance inside. Williams was charged with cocaine possession. The charges were *nolle prossed* on July 13, 2011, but due to an inadvertent error, Williams was not released from jail until September 2, 2011.[1]

During his subsequent deposition, Williams acknowledged that he did not meet Defendant Jackson until he arrived at the McComb Police Department for booking, following his arrest. Williams claims that when he told Defendant Jackson that Officer Miller had violated his constitutional rights, she told him that there was nothing she could do to help him. Williams asserts that Defendant Jackson's failure to intervene when he complained was a violation of his constitutional rights. He also asserts that the City of McComb was liable because it failed to adequately train Officer Miller, and has a policy of allowing false arrests and unconstitutional searches.

---

[1] ECF No. 40, 60-1-- 60-8. Williams was subsequently arrested for violating the terms of his probation on another charge, and is currently incarcerated for failing to register as a sex offender.

**Standard of Review**

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Although evidence is viewed in the light most favorable to the non-movant, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claim and "articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

**Discussion**

Defendants contend that while a genuine issue of material fact may exist as to whether Officer Miller had probable cause to arrest Williams, Officer Jackson and the City of McComb are entitled to summary judgment because there is no genuine issue of material fact that these defendants violated Williams's Fourth Amendment rights to be free from false arrest and unreasonable search and seizure.

To establish liability under § 1983, a plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." An officer who "did not witness the behavior giving rise to the arrest or handcuff the individual will not be held liable for an

3

alleged constitutional violation." *Alexander v. Smith*, 561 F. App'x. 421, 424 (5th Cir. 2014) (citation omitted).

Williams now concedes that he did not encounter Officer Jackson until he was transported to the police department for booking. It is undisputed therefore that Defendant Jackson was not present at the scene and had no personal involvement in his arrest. *Jenkins v. Keating*, 147 F.3d 577 (7th Cir. 1998) (granting summary judgment on false arrest claim where officer who filled out paperwork after Plaintiff was already in custody because officer did not cause or participate in the arrest). Accordingly, Defendant Jackson is entitled to summary judgment on Plaintiff's false arrests claims for this reason alone.

To the extent Williams argues that Defendant Jackson was required to intervene or independently assess whether Officer Williams had probable cause to arrest, Jackson is entitled to qualified immunity. A police officer is entitled to qualified immunity unless the officer has violated a clearly established right of which a reasonable police officer would have known. *Winfrey v. San Jacinth County*, 481 F.App'x 969 (5th Cir. 2012); *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011). The un-refuted evidence indicates that as a booking officer for the City of McComb, Defendant Jackson was responsible for performing administrative tasks, including the intake of arrestees. Accepting Williams's allegations as true, he presents no evidence that Defendant Jackson's failure to intervene violated a clearly established right of which a reasonable police officer would have known. *See Flint v. City of Milwaukee,* No. 14-CV-333-JPS, 2015 WL 1261245 (E.D.

4

Wis. Mar. 20, 2015) (deputy who booked arrestee into county jail acted reasonably and in good faith; deputy performed ministerial tasks of determining whether arrest and detention report matched probable cause statement, documents were provided to him by other officers, and any errors in those documents were beyond the scope of the deputy's responsibility).

Williams's claims against the City of McComb also fail. Municipal liability cannot be sustained under a theory of respondent superior. *Monell v. Dep't. of Social Services*, 436 U.S. 658, 691 (1978). To hold the City of McComb liable for its officers' alleged constitutional violations, Williams must show that (1) the constitutional violation was caused as the direct result of the execution of an official custom or policy; (2) the custom or policy was approved or sanctioned by a policymaker; (3) the policymaker acted with deliberate indifference; and (4) the custom or policy was the "moving force" behind the violation. *Hall v. Robinson*, No. 14-20710, 2015 WL 3941842, *4 (5th Cir. June 29, 2015); *Pineda v. City of Houston,* 291 F.3d 325, 328 (5th Cir. 2002); *see also Board of County Comm'rs v. Brown*, 520 U.S. 397, 403–04 (1997); *Doe v. Hillsboro Indep. Sch. Dist*., 113 F.3d 1412, 1416 (5th Cir. 1997).

An official policy "establishes culpability, and can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but it may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Peterson v. City of Fort Worth, Tex.,* 588 F.3d 838, 847 (5th Cir. 2009) (quoting *Piotrowski v. City of Houston*,

5

237 F.3d 567, 579 (5th Cir. 2001)). "[P]roof of a single instance of unconstitutional activity is [generally] not sufficient for § 1983 municipal liability." *Valentine Foundation v. Uphoff*, 211 F.App'x. 276, 278 (5th Cir. 2006) (citing *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir.1989)). Nor do a "handful" of instances constitute a pervasive custom or practice. *Garza v. Harris County, Texas*, No. H-09-4058, 2011 WL 3925020, at *4 (S.D.Tex. Sept. 7, 2011) (citing *Pineda*, 291 F.3d at 329). "A customary policy consists of actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct." *Zarnow v. City of Wichita Falls, Tex.,* 614 F.3d 161, 169 (5th Cir. 2010).

Assuming *arguendo* that Williams has established a constitutional violation in the present case, he fails to show that a municipal policy was the moving force behind the violation. "[E]ach and any policy which allegedly cause[s] constitutional violations must be specifically identified by a plaintiff, and it must be determined whether each one is facially constitutional or unconstitutional." *Piotrowski*, 237 F.3d at 579-580. Here, Williams fails to identify a formal or official policy of the City of McComb that resulted in the alleged constitutional violations.

Instead, his claim appears to be that the City of McComb has a widespread custom or practice of allowing false arrests and unconstitutional searches. When asked why he was suing the City of McComb in his deposition, Williams testified as follows:

Q: Okay. Are you aware of any policy?

A: No, I'm not.

Q. You're not aware of any policy?

A: I'm not. It was a usage or something they used to practice. It was a guy from McComb right now in the same zone, he can tell you the same thing. I know he hasn't -- he doesn't have anything to do with -- with my -- lawsuit but he's -- and he's not witnessed any of what happened to me but he can witness to what goes in Pike County, you know.

. . . .

A: Well, I don't know how the policy is but it -- it has to be a practice that they use or -- or something maybe as far as the policy and how they -- how they do people. You know, just because I was walking -- they say any time after 10:00 o'clock they'll stop you.

Q: Who says that?

A: People -- a lot of people have told me that.

Q: But nobody from the City of McComb, nobody authorized to speak on behalf of the City of McComb.

A: No. As far as -- I'm talking about as far as individuals that went through the same thing that I've been through dealing with it.

Q: Okay. So you're not aware of a policy the City of McComb --

A: No. I'm not aware of a policy.

. . . .

Q: . . . I need you to identify what the policy, practice or custom is that you base your claims against the City of McComb on?

A: Identify what it is?

Q: What is it? What is the policy, practice --

7

A: Well, I don't --

Q: -- or custom?

A: I don't know what it is but I -- it's like a usage. Because like I say, other people that I have talked to about the officials in Pike County or with Pike County, period, they tell me the same thing.

Q: Well, I'm not talking about Pike County. I'm talking about the City of McComb --

A: I can't say --

Q: -- Police Department.

A: -- in McComb. It's still a part of Pike County, though. Yes. I've talked to people about it and they tell me the same thing. Everybody has been through the same situation I have.

Q: Okay. When you say "people," who?

A: Just random people.

Q: Name one.

A: No, I can't name them. But like I say, it's -- it's a couple in my zone right now.

Q: So besides yourself, you can't identify a single person that you claim was treated the same as you were?

A: No. Because when I was in the county jail, I didn't really get their names down.[2]

Williams's testimony offers nothing more than speculative and conclusory allegations of a custom and/or policy which is insufficient to overcome summary judgment.

---

[2]ECF No. 74, pp. 62, 63-64, 98-99.

The non-movant "is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." *Ragas*, 136 F.3d at 458.  The only evidence Williams offers to demonstrate knowledge, deliberate indifference, or the widespread nature of the alleged custom are unsubstantiated accounts of other inmates.  *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 384 n. 45 (5th Cir. 2005) (noting that the number of complaints does not bear any relation to their ultimate validity).  Conclusory statements, speculation and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment.  The City of McComb is entitled to summary judgment on Williams's unlawful arrest claims.

Williams also alleges that the City of McComb failed to adequately supervise and/or train Officer Miller.  In support, Williams directs the Court to the "Law Enforcement Policies and Procedures" for the McComb Police Department, and the job descriptions for police officers for the City of McComb, attached to his proposed amended complaint and his own motion for partial summary judgment.[3]  However, these documents fail to demonstrate that the City of McComb's training policy or procedures were inadequate.  To establish liability based on an inadequate training claim, a plaintiff "must allege with specificity how a particular training program is defective," and "the focus must be on the adequacy of the training program in relation to the tasks the

---

[3]ECF No.  72-1, pp. 17-26, 30-33.

9

particular officers must perform." *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005) (quotation and citations omitted). Williams offers no particulars about the City's training policy or procedure and does not identify any inadequacies or omissions that "violated federal law or authorized or directed the deprivation of federal rights." *Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force,* 379 F.3d 293, 309 (5th Cir. 2004). He also fails to show that the policy makers for the City of McComb adopted a training policy with "deliberate indifference to its known or obvious consequences." *Id.* (citation and quotation omitted).

Further, the City of McComb has submitted unrebutted evidence that Officer Miller met all of the minimum training requirements for the State of Mississippi.[4] The Fifth Circuit has held that "if the training of police officers meets state standards, there can be no cause of action for a failure to train absent a showing that 'this legal minimum of training was inadequate to enable [the officers] to deal with the 'usual and recurring situations' faced by jailers and peace officers." *O'Neal v. City of San Antonio*, 344 F. App'x 885, 888 (5th Cir. 2009) (quoting *Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir. 1992)). Williams fails to present any evidence that Officer Miller's training fell below the requisite minimum or was otherwise inadequate. *See Goodman v. Harris County*, 571 F.3d 388, 396 (5th Cir. 2009) (affirming grant of summary judgment on

---

[4] ECF No. 60-7, pp. 1-4. It is undisputed that Officer Miller has received law enforcement training from the Mississippi Law Enforcement Training Academy in accordance with state law, and has been certified as a law enforcement officer for the state of Mississippi.

10

inadequate training claim as plaintiff failed to present evidence of training deficiencies and only speculated that procedures were not observed).  Accordingly, the City of McComb is entitled to summary judgment on Williams's failure-to-train claim.

In sum, Williams has failed to establish that the City of McComb adopted an official policy or widespread custom that was the moving force in violating his constitutional rights.  He has also failed to establish that Defendant Jackson had any personal involvement in his alleged constitutional violations, or adduced any evidence to overcome her qualified immunity defense.

Plaintiff filed a Motion for Summary Judgment [71] "as to the liability of defendants Rawlings and Jackson," and Defendants filed a Motion to Strike in response thereto [73].  The Court finds that Plaintiff's motion [71] is not well-advised and should be **denied.**  Defendant Jackson is dismissed as a matter of law by this Order, and no "Defendant Rawlings" has been served.  Defendants' Motion to Strike [73] is denied as moot.

IT IS, THEREFORE ORDERED that Defendants' Motion for Partial Summary Judgment [60] is granted, and Defendants City of McComb and Jackson are dismissed with prejudice.

SO ORDERED this the 29th day of September, 2015.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE